WILLIAM SCOTT *against* G. H. CONOVER.

Where money has been paid by defendant, under a judgment which is subsequently reversed, and it appears by the record, that such payment was made, the court will order restitution.

But where it does not appear by the record that the money has been paid, there the party must sue out a *scire facias quare restitutionem non.*

The judgment in this case had been reversed, on a writ of error, after execution had been issued, and the amount of the money due on the judgment, had been paid by the defendant into the hands of the sheriff.

*Wood,* now applied for a writ of restitution, and read affidavits, proving the payment of the money by the defendant to the sheriff.

*Wall,* for the plaintiff, objected to the application; that a writ of restitution could only be awarded in those cases where it appeared by the record that the money had been paid. But in this case there was no such evidence of the payment of the money, as would authorise the court to award a writ of restitution.

The form of the writ, *Archolds Practical Forms,* 199, shews that it must appear that the party applying for restitution has paid the money. In this case it does not appear that the money has been raised, but only that the defendant's property has been sold.

*Wood,* replied.

CH. JUSTICE: Two questions are presented to us upon this application. *First.* Whether the judgment being reversed on writ of error, we can order restitution. *Second.* for what sum restitution should be awarded, whether to the full amount, which has passed out of the hands of the defendant, into the hands of the officer, or only for that sum which has

passed from the officer into the hands of the plaintiff. As to the first point, where it appears upon record that the money has been levied and paid over to the plaintiff, the court will order the restitution. But where it does not appear by the record, there the party seeking restitution, must sue out a *scire facias quare restitutionem non;* and to this the party may plead; and in *Lilly's Entries,* will be found the form of the plea.

In this case it does not appear upon the record that the money has been paid, and at the common law a *scire facias* would be required; and we see no authority to change this practice. The affidavits cannot be said to be such record.

As to certioraris, to justice's court, upon the reversal of a justice's judgment, we do not put the party to the necessity of suing out a *scire facias quare restitutionem non,* because it would be too expensive. But as to proceedings in this court, we must pursue the common law practice. As to the second point, it is not necessary to give any opinion at present; but the court would refer the counsel to the case of *Montgomery* v. *Bruere,* where it appeared that the whole money had passed into the hands of the sheriff, and neither a part or the whole of the money had been paid by the sheriff to the plaintiff; and *Mr. Montgomery's* counsel resisted the application on that ground, and the court ordered restitution for the whole amount which had been paid into the hands of the sheriff.

Rule refused.